DECISION AND JUDGMENT ENTRY
This is an accelerated appeal from the judgment of the Toledo Municipal Court adopting the findings and recommendations of the magistrate. For the reasons that follow, we reverse the decision of the trial court.
David Wiley, appellant, filed a claim against Louise Beavers, appellee, for unpaid legal services in the amount of $1,856. Beavers filed an affirmative defense claiming that, as a result of Wiley's negligent representation, she was damaged in an amount exceeding Wiley's claim. A trial was held before the magistrate on August 23, 2000. The following relevant testimony was presented.
Wiley was retained as counsel on a domestic relations matter on behalf of Beavers on August 21, 1997, Wiley was the second counsel on the case. Wiley was discharged in April 1998 following a hearing in the domestic relations court. Wiley testified that he turned over Beavers' file to new counsel and submitted a bill for his services. Wiley submitted to the trial court a statement of services and testified that the time he spent on Beavers' behalf was necessary and his hourly rate was reasonable.
Beavers testified that she changed attorneys in April 1998 because she was dissatisfied with Wiley's representation, insofar as he misrepresented matters to her and the court, and was tardy for court appearances. Beavers testified that she was damaged by Wiley's negligent representation of her and asked the trial court to offset Wiley's $1,856 claim with the amount by which she was damaged.
The magistrate found, in pertinent part, that Beavers testified that because of Wiley's failure to prosecute her case, she incurred additional legal fees totaling $6,000. The magistrate then concluded that Beavers' new attorney had to perform many of the same functions Wiley performed at additional cost to Beavers. As such, the magistrate offset Beavers' $6,000 expenditure against Wiley's $1,856 claim. Judgment was then recommended for Wiley in the amount of zero dollars. On January 10, 2001, the trial court approved the recommendation of the magistrate and entered judgment for Wiley in the amount of zero dollars.
Wiley appeals the decision of the trial court and raises the following as his sole assignment of error:
 "THE TRIAL JUDGE ABUSED ITS DISCRETION IN ADOPTING THE RECOMMENDATION OF THE MAGISTRATE WHO FOUND THAT DEFENDANT/APPELLEE INCURRED $6,000 IN ADDITIONAL LEGAL FEES BECAUSE PLAINTIFF/APPELLANT FAILED TO PROSECUTE HER CASE."
We find that Wiley clearly established the amount of time he spent on Beavers' case. However, Beavers testified that she was damaged by Wiley's failure to adequately represent her. Beavers testified that she was damaged by Wiley's failure to file a Schedule III; however, the trial court did not consider that alleged damage in offsetting Wiley's bill for attorney fees. Beavers also testified that she was damaged by Wiley's failure to discover information concerning her husband's 401K plan. The trial court, however, did not attribute an offset for this alleged damage either. Finally, Beavers testified that she was damaged by Wiley's negligent representation of her insofar as she was required to incur an additional $6,000 in attorney fees. It was this amount of damages against which the trial court offset Wiley's claim for attorney fees.
Wiley argues that there was insufficient evidence presented by Beavers to warrant such an offset. We agree. Beavers did not present any statement of services from her new counsel. There is no evidence concerning what services he performed for her, or what he charged on an hourly basis. As such, it is impossible to ascertain what amount of the $6,000 actually represented duplicative charges which Beavers had already been billed for by Wiley. Moreover, we note that Beavers' domestic relations matter went to trial with new counsel. Beavers was not charged for trial or trial preparation by Wiley. As such, regardless of whether Wiley negligently represented her, Beavers would have incurred additional attorney fees, beyond which she was already charged, as a result of taking the matter to trial. Accordingly, we find that the trial court had insufficient evidence upon which to rely in ordering that Wiley's claim for $1,856 in attorney fees should be offset by the amount Beavers was charged by her new counsel. We therefore find that the trial court's decision is against the manifest weight of the evidence.[1]
Accordingly, we find Wiley's sole assignment of error well-taken. On consideration whereof, the court finds substantial justice has not been done the party complaining and the judgment of the Toledo Municipal Court is reversed. Pursuant to App.R. 12(B), this court orders that judgment be granted in favor of appellant, David F. Wiley, against appellee, Louise Beavers, in the amount of $1,856. Costs of this appeal to be paid by appellee.
Richard W. Knepper, J., Mark L. Pietrykowski, P.J., CONCUR.
[1] See C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279, syllabus.